JOHN M. McCOY III, Cal. Bar No. 166244
Email:  mccoyj@sec.gov
GREGORY C. GLYNN, Cal. Bar No. 39999
Email:  glynng@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email:  manvelianf@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
Email:  sprungm@sec.gov
CATHERINE W. BRILLIANT, Cal. Bar No. 229992
Email:  brilliantc@sec.gov
MELISSA GRANT, Cal. Bar No. 205633
Email:  grantm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:   (323) 965-3998
Facsimile:   (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> DIVERSIFIED LENDING GROUP, INC.; APPLIED EQUITIES, INC.; and BRUCE FRIEDMAN, <br><br> Defendants, <br><br> and <br><br> TINA M. PLACOURAKIS, <br><br> Relief Defendant. | Case No. CV 09-01533-R-(JTLx) <br><br> **[PROPOSED] ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING ASSET FREEZE, (2) APPOINTING A PERMANENT RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) GRANTING EXPEDITED DISCOVERY, AND (5) REQUIRING ACCOUNTINGS** |

1    This matter is granted pursuant to stipulation of the parties on Tuesday,

2  March 10, 2009, pursuant to an Order to Show Cause issued by this Court on

3  March 4, 2009, and upon the prior Application of Plaintiff Securities and Exchange

4  Commission ("Commission") for a Temporary Restraining Order And Orders: (1)

5  Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The

6  Destruction Of Documents, (4) Granting Expedited Discovery, and (5) Requiring

7  Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of

8  A Permanent Receiver (the "Application").

9    A.    This Court has jurisdiction over the parties to, and the subject matter

10  of, this action.

11    B.    Good cause exists to believe that Defendants Diversified Lending

12  Group, Inc. ("DLG"), Applied Equities, Inc. ("AEI") and Bruce Friedman

13  ("Friedman") (collectively, "the Defendants"), and each of them, have engaged in,

14  are engaging in, and are about to engage in transactions, acts, practices and courses

15  of business that constitute violations of Section 17(a) of the Securities Act of 1933

16  ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange

17  Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

18  C.F.R. § 240.10b-5.

19    C.    The Commission has demonstrated a probability of success on the

20  merits in this action.

21    D.    Good cause exists to believe that the Defendants will continue to

22  engage in such violations to the immediate and irreparable loss and damage to

23  investors and to the general public unless they are restrained and enjoined.

24    E.    Notice of this Preliminary Injunction has been provided to the

25  Defendants as required by F.R.C.P. 65(a)(1).

26  ///

27  ///

28  ///

1

**I.**

IT IS HEREBY ORDERED that the Commission's Application for an Order of Preliminary Injunction and Orders: (1) Continuing Asset Freeze, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings is GRANTED.

**II.**

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or

1  instrumentality of interstate commerce, or of the mails, or of any facility of any

2  national securities exchange:

        A.     employing any device, scheme or artifice to defraud;

        B.     making any untrue statement of a material fact or omitting to state a

               material fact necessary in order to make the statements made, in the

               light of the circumstances under which they were made, not

               misleading; or

        C.     engaging in any act, practice, or course of business which operates or

               would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this

Court, the Defendants, and their officers, agents, servants, employees, attorneys,

subsidiaries and affiliates, and those persons in active concert or participation with

any of them, who receive actual notice of this Order, by personal service or

otherwise, and each of them, be and hereby are preliminarily restrained and

enjoined from, directly or indirectly:

        A.     transferring, assigning, selling, hypothecating, changing, wasting,

               dissipating, converting, concealing, encumbering, or otherwise

               disposing of, in any manner, any funds, assets, securities, claims, or

               other real or personal property, wherever located, of the Defendants,

               or their subsidiaries or affiliates, owned by, controlled by, managed

               by or in the possession or custody of any of them;

        B.     transferring, assigning, selling, hypothecating, encumbering, or

               otherwise disposing of any securities, including, but not limited to,

               any investment contracts or other securities of DLG, or any of its

               subsidiaries or affiliates.

**V.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze is and shall be in effect on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and any other funds or assets, held in the name of, for the benefit of, or over which account authority is held by, any of the Defendants, and relief defendant Tina M. Placourakis ("relief defendant Placourakis"), or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| Institution Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank | Diversified Lending Group Inc. | 200-0451001 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 719-3206666 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 359-7119035 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 361-0903241 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 361-0903233 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 362-2099608 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 382-7425475 |

| Institution Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank | Diversified Lending Group Inc. | 939-7908642 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 981-4827631 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422838 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422846 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422861 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0423372 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 894-08966843 |
| Wells Fargo Bank | Applied Equities, Inc. ACH Acct. | 893-8904177 |
| Wells Fargo Bank | Applied Equities, Inc. | 412-1610745 |
| Wells Fargo Bank | Applied Equities, Inc. dba AEI | 771-3271497 |
| Wells Fargo Bank | Applied Equities, Inc. | 893-8903757 |
| Merrill Lynch | Diversified Lending Group Inc. | 236-07199 |
| Merrill Lynch | Diversified Lending Group Inc. | 236-07086 |
| Merrill Lynch | Bruce Friedman and Tina M. Placourakis | 236-15L42 |
| Merrill Lynch | MMHIM / Diversified Lending Group Inc. | 236-07088 |

5

| Institution Name | Account Name | Account No. |
|---|---|---|
| Merrill Lynch | MMHIM / Diversified Lending Group Inc. | 236-07217 |
| Merrill Lynch | Bruce Friedman and Robert Knight | 236-11007 |
| Merrill Lynch | Gary Friedman and Dale M. Friedman | 236-15B47 |
| Merrill Lynch | Bruce Friedman and Diane Cano | 236-15H42 |

**VI.**

IT IS FURTHER ORDERED that David A. Gill is hereby appointed as Permanent Receiver of DLG and AEI, and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of DLG and AEI, and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by DLG and AEI, and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or

6

1  brokerage firm (including any futures commission merchant) which

2  has possession, custody or control of any assets or funds of DLG and

3  AEI, and their subsidiaries and affiliates, or which maintains accounts

4  over which DLG and AEI, and their subsidiaries and affiliates, and/or

5  any of their employees or agents have signatory authority;

6  C.  to conduct such investigation and discovery as may be necessary to

7  locate and account for all of the assets of or managed by DLG and

8  AEI, and their subsidiaries and affiliates, and to engage and employ

9  attorneys, accountants and other persons to assist in such investigation

10  and discovery;

11  D.  to take such action as is necessary and appropriate to preserve and

12  take control of and to prevent the dissipation, concealment, or

13  disposition of any assets of or managed by DLG and AEI, and their

14  subsidiaries and affiliates;

15  E.  to make an accounting, as soon as practicable, to this Court and the

16  Commission of the assets and financial condition of DLG and AEI,

17  and to file the accounting with the Court and deliver copies thereof to

18  all parties;

19  F.  to make such payments and disbursements from the funds and assets

20  taken into custody, control, and possession or thereafter received by

21  him or her, and to incur, or authorize the making of, such agreements

22  as may be necessary and advisable in discharging his or her duties as

23  temporary receiver;

24  G.  to employ attorneys, accountants and others to investigate and, where

25  appropriate, to institute, pursue, and prosecute all claims and causes of

26  action of whatever kind and nature which may now or hereafter exist

27  as a result of the activities of present or past employees or agents of

28  DLG and AEI, and their subsidiaries and affiliates; and

7

H.     to have access to and monitor all mail of the entities in receivership in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as temporary receiver.

## VII.

IT IS FURTHER ORDERED that the Defendants, and their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the Permanent Receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of the Defendants shall take any action or purport to take any action, in the name of or on behalf of DLG or AEI without the written consent of the Permanent Receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, consultant groups and all other persons or entities seeking relief of any kind, in law or in equity, from the Defendants, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A.     commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against

1        any of them;

2    B.    using self-help or executing or issuing or causing the execution or

3        issuance of any court attachment, subpoena, replevin, execution or

4        other process for the purpose of impounding or taking possession of

5        or interfering with or creating or enforcing a lien upon any property or

6        property interests owned by or in the possession of DLG or AEI; and

7    C.    doing any act or thing whatsoever to interfere with taking control,

8        possession or management by the temporary receiver appointed

9        hereunder of the property and assets owned, controlled or managed by

10       or in the possession of DLG or AEI, or in any way to interfere with or

11       harass the Permanent Receiver or his or her attorneys, accountants,

12       employees or agents or to interfere in any manner with the discharge

13       of the Permanent Receiver's duties and responsibilities hereunder.

## X.

15    IT IS FURTHER ORDERED that the Defendants, and their subsidiaries,

16 affiliates, officers, agents, servants, employees and attorneys, shall cooperate with

17 and assist the Permanent Receiver and shall take no action, directly or indirectly, to

18 hinder, obstruct, or otherwise interfere with the Permanent Receiver or his or her

19 attorneys, accountants, employees or agents, in the conduct of the Permanent

20 Receiver's duties or to interfere in any manner, directly or indirectly, with the

21 custody, possession, management, or control by the Permanent Receiver of the

22 funds, assets, collateral, premises, and choses in action described above.

## XI.

24    IT IS FURTHER ORDERED that the Defendants shall pay the costs, fees

25 and expenses of the Permanent Receiver incurred in connection with the

26 performance of his or her duties described in this Order, including the costs and

27 expenses of those persons who may be engaged or employed by the Permanent

28 Receiver to assist him or her in carrying out his or her duties and obligations.  All

1   applications for costs, fees and expenses for services rendered in connection with

2   the receivership other than routine and necessary business expenses in conducting

3   the receivership, such as salaries, rent and any and all other reasonable operating

4   expenses, shall be made by application setting forth in reasonable detail the nature

5   of the services and shall be heard by the Court.

6                                      **XII.**

7           IT IS FURTHER ORDERED that no bond shall be required in connection

8   with the appointment of the Permanent Receiver.  Except for an act of gross

9   negligence, the Permanent Receiver shall not be liable for any loss or damage

10  incurred by any of the Defendants, their officers, agents, servants, employees and

11  attorneys or any other person, by reason of any act performed or omitted to be

12  performed by the Permanent Receiver in connection with the discharge of his or

13  her duties and responsibilities.

14                                     **XIII.**

15          IT IS FURTHER ORDERED that representatives of the Commission are

16  authorized to have continuing access to inspect or copy any or all of the corporate

17  books and records and other documents of the Defendants and the other entities in

18  receivership, and continuing access to inspect their funds, property, assets and

19  collateral, wherever located.

20                                     **XIV.**

21          IT IS FURTHER ORDERED that, except as otherwise ordered by this

22  Court, the Defendants, relief defendant Placourakis, and their officers, agents,

23  servants, employees, attorneys, subsidiaries and affiliates, including the other

24  entities in receivership, and those persons in active concert or participation with

25  any of them, who receive actual notice of this Order, by personal service or

26  otherwise, and each of them, be and hereby are preliminarily restrained and

27  enjoined from, directly or indirectly: destroying, mutilating, concealing,

28  transferring, altering, or otherwise disposing of, in any manner, any documents,

1   which includes all books, records, computer programs, computer files, computer

2   printouts, contracts, correspondence, memoranda, brochures, or any other

3   documents of any kind in their possession, custody or control, however created,

4   produced, or stored (manually, mechanically, electronically, or otherwise),

5   pertaining in any manner to Defendants, and their subsidiaries and affiliates.

6                                              **XV.**

7          IT IS FURTHER ORDERED that the Commission's application for

8   expedited discovery, previously granted in this Court's Temporary Restraining

9   Order is continued and that the Commission and the Permanent Receiver may

10  request documents from and take depositions of parties and non-parties upon oral

11  examination subject to two calendar days notice pursuant to Rules 30(a), 34, and

12  45 of the Federal Rules of Civil Procedure, that the Commission and Permanent

13  Receiver may take more than one deposition at the same time, that depositions of

14  the Defendants may be taken on any day, including Saturdays, Sundays, and

15  holidays subject to two calendar days notice, including notice given personally, by

16  facsimile or by electronic mail, and that the depositions taken pursuant to this

17  Order shall not be counted for purposes of determining the applicability of the

18  limitations of Rules 30(a)(2)(A) and 30(a)(2)(B) of the Federal Rules of Civil

19  Procedure.

20                                             **XVI.**

21         IT IS FURTHER ORDERED that the Defendants shall, within five days of

22  the issuance of this Order, each prepare and deliver to the Commission a detailed

23  and complete schedule of all their assets, including all real and personal property

24  exceeding $5,000 in value, and all bank, securities, futures and other accounts

25  identified by institution, branch address and account number.  The accounting shall

26  include a description of the source(s) of all such assets.  Such accounting shall be

27  filed with the Court and a copy shall be delivered to the Commission's Los

28  Angeles Regional Office.  After completion of the accounting, the Defendants shall

1 │ produce to the Commission's Los Angeles Regional Office, at a time agreeable to

2 │ the Commission, all books, records and other documents supporting or underlying

3 │ his accounting.

**XVII.**

5 │        IT IS FURTHER ORDERED that the Defendants, and their officers, agents,

6 │ servants, employees, attorneys, subsidiaries and affiliates, including the other

7 │ entities in receivership, shall, within 24 hours of the issuance of this Order of

8 │ Preliminary Injunction, cause to be prepared and delivered to the Permanent

9 │ Receiver, a detailed and complete schedule of all passwords, usernames, and

10 │ identification numbers for all web sites, email accounts, and all accounts at any

11 │ bank, financial institution, brokerage firm, or insurance company to which DLG

12 │ and AEI have access.

**XVIII.**

14 │        IT IS FURTHER ORDERED that this Order of Preliminary Injunction shall

15 │ remain in effect until a hearing on the Commission's Request for a Permanent

16 │ Injunction is heard and determined by this Court, or until other Order of this Court.

**XIX.**

18 │        IT IS FURTHER ORDERED that this Court shall retain jurisdiction over

19 │ this action for the purpose of implementing and carrying out the terms of all orders

20 │ ////

21 │ ////

22 │ ////

23 │ ////

24 │ ////

25 │ ////

26 │ ////

27 │ ///

28 │ ///

1  and decrees which may be entered herein and to entertain any suitable application

2  or motion for additional relief within the jurisdiction of this Court.

3       **IT IS SO ORDERED.**

4

5  DATED:    March 10, 2009

6  TIME:     9:30 o'clock a. .m.

7

8  _____

    HONORABLE MANUEL L. REAL

9      UNITED STATES DISTRICT JUDGE

10

11  Presented by:

12

13  _____

   John M. McCoy, III

14     Attorney for Plaintiff

   Securities and Exchange Commission

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On March 6, 2008, I caused to be served the document entitled **[PROPOSED] ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING ASSET FREEZE, (2) APPOINTING A PERMANENT RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) GRANTING EXPEDITED DISCOVERY, AND (5) REQUIRING ACCOUNTINGS** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **FEDERAL EXPRESS:**  By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

[X]   **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.


Date:  March 6, 2009                        /s/ John M. McCoy III
                                            John M. McCoy III

**SEC v. DIVERSIFIED LENDING GROUP, INC., et al.**
**United States District Court – Central District of California**
**Case No. CV 09-01533 R (JTLx)**
**(LA-3591)**

SERVICE LIST

Bruce F. Friedman
4379 Winnetka Avenue
Woodland Hills, CA 91364-5347

Bruce F. Friedman
31610 Broad Beach Road
Malibu, CA 90265-2617

Robert D. Mayer, Esq. **(also served by electronic mail)**
Mayer & Glassman Law Corp
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025
Email:  rmayer@mglawcorp.com

Mark C. Holscher, Esq. **(also served by electronic mail)**
Kirkland & Ellis LLP
777 S. Figueroa Street
Los Angeles, CA 90017-5800
Email:  mholscher@kirkland.com

Diversified Lending Group, Inc.
c/o CT Corporation, Registered Agent
818 W. 7th Street
Los Angeles, CA 90017

Applied Equities, Inc.
c/o Karen Burhoe, Registered Agent
15260 Ventura Boulevard, Suite 1240
Sherman Oaks, CA 91403

Tina Placourakis
8913 E. Calle de las Brisas
Scottsdale, AZ 85255

David A. Gill, Esq. **(also served by electronic mail)**
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067-2904
Email:  dag@dgdk.com
*Court-Appointed Temporary Receiver*

George E. Schulman, Esq. **(also served by electronic mail)**
Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, 3rd Floor
Los Angeles, CA 90067-2904
Email:  gschulman@dgdk.com
*Attorney for Court-Appointed Temporary Receiver David A. Gill*

15