JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
GREGORY C. GLYNN, Cal. Bar No. 39999
Email: glynng@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
Email: sprungm@sec.gov
CATHERINE W. BRILLIANT, Cal. Bar No. 229992
Email: brilliantc@sec.gov
MELISSA GRANT, Cal. Bar No. 205633
Email: grantm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED LENDING GROUP, INC.; APPLIED EQUITIES, INC.; and BRUCE FRIEDMAN,<br><br>Defendants,<br><br>and<br><br>TINA M. PLACOURAKIS,<br><br>Relief Defendant. | Case No. CV 09-01533-R-(JTLx)<br><br>**AMENDED ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING ASSET FREEZE, (2) APPOINTING A PERMANENT RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) GRANTING EXPEDITED DISCOVERY, AND (5) REQUIRING ACCOUNTINGS** |

This matter came to be heard at 10:00 a.m. on Tuesday, March 10, 2009, pursuant to an Order to Show Cause issued by this Court on March 4, 2009, and upon the prior Application of Plaintiff Securities and Exchange Commission ("Commission") for a Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings; And To Show Cause Re Preliminary Injunction And Appointment Of A Permanent Receiver (the "Application").

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that Defendants Diversified Lending Group, Inc. ("DLG"), Applied Equities, Inc. ("AEI") and Bruce Friedman ("Friedman") (collectively, "the Defendants"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action.

D. Good cause exists to believe that the Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

E. Notice of this Preliminary Injunction has been provided to the Defendants as required by F.R.C.P. 65(a)(1).

///
///
///

**I.**

IT IS HEREBY ORDERED that the Commission's Application for an Order of Preliminary Injunction and Orders: (1) Continuing Asset Freeze, (2) Appointing a Permanent Receiver, (3) Prohibiting the Destruction of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings is GRANTED.

**II.**

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

  A.  employing any device, scheme or artifice to defraud;

  B.  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  C.  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

  A.  transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of the Defendants, or their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), owned by, controlled by, managed by or in the possession or custody of any of them;

  B.  transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to,

any investment contracts or other securities of DLG, or any of its subsidiaries or affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC).

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze is and shall be in effect on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and any other funds or assets, held in the name of, for the benefit of, or over which account authority is held by, any of the Defendants, and relief defendant Tina M. Placourakis ("relief defendant Placourakis"), or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| **Institution Name** | **Account Name** | **Account No.** |
|---|---|---|
| Wells Fargo Bank | Diversified Lending Group Inc. | 200-0451001 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 719-3206666 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 359-7119035 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 361-0903241 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 361-0903233 |

| Institution Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank | Diversified Lending Group Inc. | 362-2099608 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 382-7425475 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 939-7908642 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 981-4827631 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422838 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422846 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0422861 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 945-0423372 |
| Wells Fargo Bank | Diversified Lending Group Inc. | 894-08966843 |
| Wells Fargo Bank | Applied Equities, Inc. ACH Acct. | 893-8904177 |
| Wells Fargo Bank | Applied Equities, Inc. | 412-1610745 |
| Wells Fargo Bank | Applied Equities, Inc. dba AEI | 771-3271497 |
| Wells Fargo Bank | Applied Equities, Inc. | 893-8903757 |
| Merrill Lynch | Diversified Lending Group Inc. | 236-07199 |
| Merrill Lynch | Diversified Lending Group Inc. | 236-07086 |

| Institution Name | Account Name | Account No. |
|---|---|---|
| Merrill Lynch | Bruce Friedman and Tina M. Placourakis | 236-15L42 |
| Merrill Lynch | MMHIM / Diversified Lending Group Inc. | 236-07088 |
| Merrill Lynch | MMHIM / Diversified Lending Group Inc. | 236-07217 |
| Merrill Lynch | Bruce Friedman and Robert Knight | 236-11007 |
| Merrill Lynch | Gary Friedman and Dale M. Friedman | 236-15B47 |
| Merrill Lynch | Bruce Friedman and Diane Cano | 236-15H42 |

**VI.**

IT IS FURTHER ORDERED that David A. Gill is hereby appointed as Permanent Receiver of DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books,

1  records, papers and other real or personal property, wherever located,
2  of or managed by DLG and AEI, and their subsidiaries and affiliates
3  (including but not limited to MMHIM, Inc., DLG International, a
4  Panamanian company, and SunWest Bottlers, LLC), with full power
5  to sue, foreclose, marshal, collect, receive, and take into possession all
6  such property;

B.  to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), or which maintains accounts over which DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), and/or any of their employees or agents have signatory authority;

C.  to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.  to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by DLG and AEI, and their

|   |   |   |
|---|---|---|
| | | subsidiaries and affiliates; |
| | E. | to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of DLG and AEI, and to file the accounting with the Court and deliver copies thereof to all parties; |
| | F. | to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver; |
| | G. | to employ attorneys, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of DLG and AEI, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC); and |
| | H. | to have access to and monitor all mail of the entities in receivership in order to review such mail which he or she deems relates to their business and the discharging of his or her duties as permanent receiver. |

**VII.**

IT IS FURTHER ORDERED that the Defendants, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of

8

the entities in receivership, shall forthwith give access to and control of such property to the Permanent Receiver.

## VIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of the Defendants shall take any action or purport to take any action, in the name of or on behalf of DLG or AEI without the written consent of the Permanent Receiver or order of this Court.

## IX.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, consultant groups and all other persons or entities seeking relief of any kind, in law or in equity, from the Defendants, or their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC), and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

    B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of DLG or AEI; and

    C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed

hereunder of the property and assets owned, controlled or managed by or in the possession of DLG or AEI, or in any way to interfere with or harass the Permanent Receiver or his or her attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the Permanent Receiver's duties and responsibilities hereunder.

**X.**

IT IS FURTHER ORDERED that the Defendants, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the Permanent Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Permanent Receiver or his or her attorneys, accountants, employees or agents, in the conduct of the Permanent Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Permanent Receiver of the funds, assets, collateral, premises, and choses in action described above.

**XI.**

IT IS FURTHER ORDERED that the Defendants shall pay the costs, fees and expenses of the Permanent Receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the Permanent Receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

**XII.**

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the Permanent Receiver. Except for an act of gross

negligence, the Permanent Receiver shall not be liable for any loss or damage incurred by any of the Defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the Permanent Receiver in connection with the discharge of his or her duties and responsibilities.

### XIII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of the Defendants and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the Defendants, relief defendant Placourakis, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants, and their subsidiaries and affiliates (including but not limited to MMHIM, Inc., DLG International, a Panamanian company, and SunWest Bottlers, LLC).

///

**XV.**

IT IS FURTHER ORDERED that the Commission's application for expedited discovery, previously granted in this Court's Temporary Restraining Order is continued and that the Commission and the Permanent Receiver may request documents from and take depositions of parties and non-parties upon oral examination subject to two calendar days notice pursuant to Rules 30(a), 34, and 45 of the Federal Rules of Civil Procedure, that the Commission and Permanent Receiver may take more than one deposition at the same time, that depositions of the Defendants may be taken on any day, including Saturdays, Sundays, and holidays subject to two calendar days notice, including notice given personally, by facsimile or by electronic mail, and that the depositions taken pursuant to this Order shall not be counted for purposes of determining the applicability of the limitations of Rules 30(a)(2)(A) and 30(a)(2)(B) of the Federal Rules of Civil Procedure.

**XVI.**

IT IS FURTHER ORDERED that the non-receivership Defendants shall, within five days of the issuance of this Order, each prepare and deliver to the Commission a detailed and complete schedule of all their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Los Angeles Regional Office. After completion of the accounting, the Defendants shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accounting.

**XVII.**

IT IS FURTHER ORDERED that the Defendants, and their officers, agents,

servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order of Preliminary Injunction, cause to be prepared and delivered to the Permanent Receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution, brokerage firm, or insurance company to which DLG and AEI have access.

### XVIII.

IT IS FURTHER ORDERED that this Order of Preliminary Injunction shall remain in effect until a hearing on the Commission's Request for a Permanent Injunction is heard and determined by this Court, or until other Order of this Court.

### XIX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED.**

DATED:   March 31, 2009

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John M. McCoy III
John M. McCoy, III
Attorney for Plaintiff
Securities and Exchange Commission